STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
FRANK SPANO, DEFENDANT-APPELLANT.

Argued November 5, 1975—Decided February 23, 1976.

*Mr. Allen L. Shulman,* Assistant Deputy Public Defender, argued the cause for defendant-appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Michael H. Kessler,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Edward McGrath,* Union County Prosecutor, attorney).

The opinion of the Court was delivered by

SULLIVAN, J. Defendant was convicted of (1) unlawful distribution of marijuana on January 27, 1973 and (2) unlawful distribution of cocaine on February 3, 1973, both a violation of *N. J. S. A.* 24:21–19(a)(1). He was sentenced to two indeterminate terms to be served concurrently in the Youth Correctional Institutional Complex. The Appellate Division affirmed in an unreported opinion. This Court granted certification, 68 *N. J.* 167 (1975), to review defendant's contention of substantial trial error. We reverse the judgment of conviction and remand for a new trial.

The State's case was largely based on the testimony of an undercover narcotics officer who said that he met defendant on January 27, 1973 at a bar in Rahway. A discussion took place about defendant's selling cocaine to the officer. Defendant said he would have to get it from his connection and would let the officer know at a later date. The officer then asked defendant if he had any marijuana, whereupon defendant produced a plastic bag of vegetative matter, later shown to be marijuana, and sold it to the officer for $20. Also present were defendant's girl friend Lynne and a mutual acquaintance of defendant and the officer named D. L. No arrest was made at that time.

Thereafter, defendant, through D. L., got in touch with the officer for the purpose of selling him cocaine, and on February 3, 1973, by prior arrangement, the two met at D. L.'s home where the sale of a packet of cocaine was consummated. The officer testified that the same four persons were present on this occasion. Defendant was arrested at a later date.

Defendant claimed alibi as to the alleged January 27 marijuana transaction. In addition to his own testimony that he was at a friend's house in Kenilworth at the time, defendant produced four witnesses who supported his story. They included defendant's girl friend Lynne and defendant's sister.

The sister, after verifying defendant's presence in the friend's house at the time in question, testified that she kept a diary in which she made daily notations. However, when she was asked if there was a notation in her diary covering January 27, 1973, the State's objection to any reference to the contents of the diary was sustained.

As to the February 3 incident, defendant admitted being present at D. L.'s house with his girl friend on that date. However, he said he went there to arrange for the purchase of tickets to a concert. He denied that the undercover officer had been present.

After defendant's case was rested, the State called D. L. as a witness in rebuttal. Her testimony fully supported the undercover officer's story as to the January 27 and February 3 incidents involving defendant.

On cross-examination when she was asked if she had been arrested for drug possession, the court sustained the State's objection to the question, stating that unless there was a record of conviction (which defense counsel admitted he did not have) the question was improper.

In fact, the witness had been previously arrested for possession of a controlled dangerous substance. Since this was her first offense, she was eligible for supervisory treatment under N. J. S. A. 24:21-27 which, if successfully concluded, would result in a dismissal of the criminal charge. In January 1974, on the recommendation of the prosecutor, she had been placed in the program and when she appeared as a witness in the instant case in February 1974, she was in the program undergoing treatment and the criminal charge against her had not yet been dismissed. Apparently defense counsel was unaware of the foregoing disposition of the matter, as he made no effort to pursue it beyond his original question. Although the trial judge's ruling was correct as the record then stood, defendant was nonetheless substantially prejudiced thereby.

The entire case turned on the question of credibility. Until D. L. was called in rebuttal, it was the undercover officer's

word against that of defendant and his witnesses. D. L., however, completely supported the officer's version of what had taken place on both dates. Her testimony materially strengthened the State's case.

Had it been disclosed that the prosecutor had recommended, and she had received, favorable treatment in the form of a conditional dismissal of a criminal charge against her, and that at the time she testified as a State's witness she was still in the process of achieving a complete dismissal of such charge, defendant could have attacked her credibility by suggesting a possible motive for her testimony.

█ █ The trial judge was unaware of the true situation, as apparently were defense counsel and the assistant prosecutor who tried the case. But the prosecutor's office, having called D. L. as a State's witness, had a responsibility to be aware of the fact and to disclose the conditional discharge to the court and to defense counsel when the inquiry was made. Due process requires that the State disclose information it possesses which is material to the defense, even where it concerns only the credibility of a State's witness. *Giglio v. United States,* 405 *U. S.* 150, 154–155, 92 *S. Ct.* 763, 31 *L. Ed.* 2d 104 (1972) ; *Brady v. State of Maryland,* 373 *U. S.* 83, 87, 83 *S. Ct.* 1194, 10 *L. Ed.* 2d 215 (1963) ; *State v. Vigliano,* 50 *N. J.* 51 (1967) ; *State v. Taylor,* 49 *N. J.* 440 (1967).

█ This was not a case of a witness' credibility being impeachable on the basis of a prior criminal record. In such a situation (the trial judge mistakenly thought this was such a case), only a judgment of conviction could be shown. Here, though, D. L.'s credibility was subject to challenge, not because of any criminal record (she had none), but rather because the conditional dismissal of the criminal charge against her could have motivated her to testify in support of the State's case.

█ Our conclusion is that as a result of the foregoing, defendant did not receive a fair trial.

█ Defendant claims that the trial court erred in refusing to allow the use of his sister's diary to support her

testimony as to defendant's whereabouts on January 27, 1973. We find no error. The diary was not needed to refresh the witness' recollection. Since its only purpose was to bolster the credibility of her testimony, it was inadmissible. See *Evid. R.* 63.

■■ Defendant also complains of certain prosecutorial comments made during summation as being inflammatory and improper.[1] Since we are ordering a new trial on another ground, we need not decide whether the particular remarks standing alone, would have required a reversal. We think they were improper and, suffice it to observe, such remarks should not be repeated at retrial.[2]

The judgment of conviction is reversed and the case remanded for retrial.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.

---

[1]The assistant prosecutor told the jury that defendant was a "drug pusher" who was selling not just marijuana but cocaine "to our children." The record does not support these remarks.

[2]Another ground of appeal was that the trial court erred in refusing to accept defendant's offer to plead guilty to both counts in exchange for a recommendation of a noncustodial sentence. We find the trial court's action was entirely correct in view of defendant's statement to the court that "I didn't sell it, and the reason why I'm pleading guilty is because of — you know, I just want to get everything done with." See *State v. Reali*, 26 *N. J.* 222 (1958).