268 N.J. Super. 33 (1993)
632 A.2d 843
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VIRGINIA L. DICKERSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 12, 1993.
Decided October 29, 1993.
Before Judges PETRELLA, BAIME and VILLANUEVA.
Carmen A. Malignaggi, attorney for appellant (Mr. Malignaggi, on the letter-brief).
*34 Edward F. Borden, Jr., Camden County Prosecutor, attorney for respondent (Frederick H. Martin, Assistant Prosecutor, of counsel and on the letter-brief).
The opinion of the court was delivered by BAIME, J.A.D.
Defendant appeals from the Law Division's denial of her motion to withdraw her plea of guilty to driving while intoxicated (N.J.S.A. 39:4-50). She asserts that both the municipal court and Law Division judges mistakenly exercised their discretion by refusing to consider newly discovered evidence regarding the misconduct of the arresting police officer in similar cases. We agree and reverse.
On November 25, 1990, defendant was arrested for drunk driving by Patrolman Robert Kane of the Oaklyn Police Department. Kane allegedly discovered a small amount of marijuana and methamphetamine in the vehicle. After transporting defendant to police headquarters, Kane conducted a breathalyzer test which allegedly yielded a reading of .16% blood alcohol content. Defendant was issued summonses for drunk driving (N.J.S.A. 39:4-50) and possession of a controlled dangerous substance (N.J.S.A. 2C:35-10(a)(4) and N.J.S.A. 2C:35-10(a)(1)), and was released to the custody of her mother.
On January 10, 1991, defendant pleaded guilty to drunk driving and was conditionally discharged on the controlled dangerous substance charges. Defendant filed a timely motion to retract her plea based on newly discovered evidence. See State v. Hill, 267 N.J. Super. 223, 225, 631 A.2d 150 (App.Div. 1993); R. 7:4-7. In her accompanying affidavit, dated May 29, 1991, defendant asserted that she was not intoxicated on the day of her arrest and had pleaded guilty only because her attorney advised her that it would be virtually impossible to challenge the accuracy of the breathalyzer reading. She claimed that a twenty dollar bill was missing from her wallet and that Kane had stolen it. According to her affidavit, defendant contacted the Camden County Prosecutor's *35 Office three days after her plea. Accompanied by her mother, defendant was then interviewed by Assistant Prosecutor Richard Wilson to whom she conveyed her complaint that Kane had lied in charging her with drunk driving.
Although Wilson appeared noncommittal, defendant subsequently learned that Kane had been arrested for falsifying breathalyzer results and stealing small amounts of cash from his victims. On August 29, 1991, Patrolman Kane entered guilty pleas to charges of misconduct in office involving falsification of breathalyzer test results and taking money from arrested drivers. The accusations referred to use of the same modus operandi in fifteen separate instances. Upon learning of these events, defendant contacted Assistant Prosecutor Wilson and thanked him for pursuing the investigation.
The prosecutor did not contest the facts contained in defendant's affidavit, which were substantially corroborated by other accompanying certifications. Instead, he contended that Kane's conviction could not be considered newly discovered evidence because it was not in existence at the time defendant was prosecuted. The municipal court judge agreed and in a lengthy written opinion in November 1991, denied defendant's motion to retract.
In her appeal to the Law Division, defendant asserted that the prosecutor violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny by failing to apprise her attorney of the investigation of Kane prior to her plea of guilty. Specifically, defendant claimed that the prosecutor was aware of numerous complaints against Kane and was duty-bound to disclose the internal investigation surrounding those allegations. In an oral opinion, the Law Division disagreed and sustained the municipal court's decision. This appeal followed.
We have no occasion to consider defendant's claim of a Brady violation. Instead, we analyze defendant's challenge to her conviction in the context of our well-settled rules regarding newly discovered evidence. The municipal court limited its consideration of this issue to the question of whether Kane's conviction constituted *36 newly discovered evidence. Although the Law Division's decision regarding this point is not altogether clear, we are persuaded that both courts reviewed defendant's contention too narrowly. The more critical aspect of these events is whether Kane's misconduct in other cases represents material evidence casting doubt on the justice of defendant's conviction. We are convinced that it does.
More specifically, we hold that Kane's misbehavior in similar situations was (1) material to the issue, (2) discovered after defendant's plea of guilty and not discoverable by reasonable diligence beforehand, and (3) of the sort that would probably change the result if brought before the fact-finder. See State v. Carter, 85 N.J. 300, 314, 426 A.2d 501 (1981). In our view, all three requisites of this tripartite test have been met. See State v. Johnson, 34 N.J. 212, 223, 168 A.2d 1, cert. denied, 368 U.S. 933, 82 S.Ct. 370, 7 L.Ed.2d 195 (1961); State v. Engel, 249 N.J. Super. 336, 402, 592 A.2d 572 (App.Div.), certif. denied, 130 N.J. 393, 614 A.2d 616 (1991).
We are entirely satisfied that evidence of Kane's misconduct is admissible and relevant to defendant's guilt or innocence. Our Supreme Court has held that "a lower standard of degree of similarity of offenses may justly be required of a defendant using other-crimes evidence defensively than is exacted from the State when such evidence is used incriminatorily." State v. Garfole, 76 N.J. 445, 452, 388 A.2d 587 (1978). In that respect, the Court emphasized that "an accused is entitled to advance in his defense any evidence which may rationally tend to refute his guilt or buttress his innocence of the charge made." Id. at 453, 388 A.2d 587. Application of a modified requirement of relevancy to the proffer by a defendant "is additionally justified by the consideration that the [accused] need only engender reasonable doubt of his guilt whereas the State must prove guilt beyond a reasonable doubt." Ibid. A defendant "may [thus] use similar other-crimes evidence defensively if in reason it tends, alone or with other evidence, to negate his guilt of the crime charged against him." *37 Ibid.; see also State v. Williams, 214 N.J. Super. 12, 20-21, 518 A.2d 234 (App.Div. 1986).
Although not cited by either party, we note that we considered this question in State v. Gookins, 263 N.J. Super. 58, 621 A.2d 968 (App.Div. 1993), a decision involving drunk driving convictions based upon arrests that had been made by Kane. Over a vigorous dissent, we held that in the absence of an allegation by the defendant that money had been taken, Kane's misconduct in other cases was not admissible. Id. at 62, 621 A.2d 968. Specifically, we concluded that the situations were not sufficiently similar and thus the proffered evidence lacked relevancy. Id. at 63, 621 A.2d 968.
The critical and distinguishing fact here is that defendant claimed Kane had taken money from her wallet upon her arrest. In contrast to Gookins, the evidence here is relevant because Kane admitted that he falsified breathalyzer test readings in his attempt to steal money from the drivers he stopped. The evidence sought to be admitted has a distinct tendency to prove a fact in issue. Evid.R. 1(2).
We thus conclude that defendant should have been permitted to withdraw her plea and proceed to trial.
Accordingly, the order appealed from is reversed and the matter is remanded to the municipal court for a plenary trial.