894 A.2d 1154

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. ANDRE FRANKLIN, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 7, 2006—Decided March 31, 2006.

Before Judges COBURN, COLLESTER and LISA.

*Theodore J. Romankow,* Union County Prosecutor, attorney for appellant (*Sara B. Liebman,* Assistant Prosecutor, of counsel and on the brief).

Respondent did not file a brief.

The opinion of the court was delivered by

LISA, J.A.D.

By leave granted, the State appeals from a pretrial order allowing defendant to present evidence at trial of prior police misconduct in support of his defense of planted evidence or fabricated charges. We now reverse.

Defendant is the subject of an indictment charging him with: (1) third-degree distribution of a controlled dangerous substance (CDS), *N.J.S.A.* 2C:35-5b(3); (2) second-degree distribution of a CDS within 500 feet of a public park, *N.J.S.A.* 2C:35-7.1; and (3) third-degree maintaining a fortified structure for CDS purposes, *N.J.S.A.* 2C:35-4.1c. All of the offenses are alleged to have occurred on December 11, 2003. On that date, the State alleges that Detective Keith Franklin, acting in an undercover capacity, purchased CDS from defendant at 702 South Park Street. Detective Franklin was an employee of the Union County Prosecutor's Office and was working in cooperation with the Elizabeth Police Department in this drug investigation. Detective Franklin had also assisted the Elizabeth Police in executing a search warrant in October 2003 at defendant's premises at 702 South Park Street.

Defendant was not a target in this investigation. Detective Franklin was unfamiliar with defendant and, when he allegedly made the undercover buy on December 11, 2003, did not know defendant's identity. After making the buy, Detective Franklin

identified a photograph of defendant at police headquarters as the person who sold him the CDS. After making the identification, Detective Franklin heard, for the first time, that defendant had filed a civil lawsuit against the Elizabeth Police Department as a result of some earlier unrelated incident.

The incident underlying the civil suit occurred nearly six years earlier, on February 9, 1998. Defendant was arrested on drug charges, and it was ascertained that the police acted improperly in planting drugs and fabricating the charges against him. His civil suit was still pending as of December 11, 2003. It was settled in early 2004. Defendant received $30,000 as a settlement.

Detective Christopher Flatley, of the Elizabeth Police Department, was in charge of the 2003 investigation that resulted in defendant's arrest. Detective Flatley had no involvement in the 1998 incident, and, at that time, he was not a member of the narcotics unit. Detective Flatley was not named in the civil suit. He contends he was not aware of the suit until 2005, although Detective Franklin said that it might have been Detective Flatley who commented about the existence of the civil suit after Detective Franklin made his photo identification of defendant. Detective Franklin was not sure who made the comment. Detective Flatley was familiar with defendant prior to December 11, 2003, and was aware that defendant owned 702 South Park Street. According to Detective Flatley, the property, not its owner, was the focus of the investigation because of complaints by neighbors about drug activity there. The investigation lasted several months and resulted in arrests of several other individuals in addition to defendant.

According to defendant, during the intervening years between 1998 and 2003, some members of the Elizabeth Police Department made threats of retaliation against him because of the civil action. Defendant could not identify any officers allegedly making such threats, other than to say they were white males. Detectives Franklin and Flatley were not among them. The Elizabeth Police Department has about 360 members.

Defendant filed a motion *in limine* for an order, pursuant to *N.J.R.E.* 404(b), "to admit other act evidence of the City of Elizabeth Police Department and Officers with regard to the Defendant and their previous history of having falsely accused him of drug related offenses for which he won a sizeable civil rights judgment in Federal District Court." After conducting an evidentiary hearing, the trial judge granted the motion and entered an order allowing the evidence on July 13, 2005. By order of September 7, 2005, the judge denied the State's reconsideration motion. On October 19, 2005, we granted the State's motion for leave to appeal.

Evidence of other crimes, wrongs, or acts are not admissible to prove the disposition of a person to demonstrate that the person acted in conformity with the prior conduct. *N.J.R.E.* 404(b). However, such evidence may be admitted for certain limited purposes. *Ibid.* The purpose proffered by defendant here was to demonstrate that the police planted drugs and fabricated the charges against him.

■ To be admissible under *N.J.R.E.* 404(b):

1. The evidence of the other crime must be admissible as relevant to a material issue;
2. It must be similar in kind and reasonably close in time to the offense charged;
3. The evidence of the other crime must be clear and convincing; and
4. The probative value of the evidence must not be outweighed by its apparent prejudice.

[*State v. Cofield,* 127 *N.J.* 328, 338, 605 *A.*2d 230 (1992).]

When the defendant is offering the evidence, a less stringent test of relevancy applies and prejudice to the defendant is not a factor. *State v. Garfole,* 76 *N.J.* 445, 452–53, 388 *A.*2d 587 (1978).

The trial judge found that defendant satisfied the first prong of the *Cofield* test because the evidence of the prior bad acts was relevant to the defense that " 'I was set up,' that it's a fabrication of evidence." The judge found the second prong satisfied because the prior incident, like this one, was a drug arrest, and, although the prior incident occurred six years earlier, the time was effectively tolled because the civil suit was still pending at the time of

the new incident. The third prong was satisfied because the misconduct in the 1998 incident was clearly and convincingly established. With respect to the fourth prong, the judge found that when it is the defendant who is presenting *N.J.R.E.* 404(b) evidence, the "probative value of a fabrication of evidence always outweighs apparent prejudice to the State because [the] State has no apparent prejudice." The judge summarized that the evidence was being admitted "not to prove the disposition, essentially, of the City to do it, but to show motive in this case as to why they are doing this...."

█ We disagree with the judge's conclusions regarding the first and fourth prongs. Defendant made no allegation of misconduct on the part of Detective Franklin, Detective Flatley, or any other officers involved in 2003 investigation. We fail to see how the misconduct six years earlier of some other members of the Elizabeth Police Department is relevant to a material issue in this case. The issue in this case revolves around the alleged undercover buy made by Detective Franklin from defendant on December 11, 2003. The prior misconduct of Elizabeth Police officers, with whom Detective Franklin had no affiliation, will have no tendency in reason to prove or disprove whether Detective Franklin indeed made the undercover buy, nor to affect Detective Franklin's credibility. *See N.J.R.E.* 401; *see also State v. Spivey,* 179 *N.J.* 229, 242, 844 *A.*2d 512 (2004) (upholding the barring of similar evidence of unrelated past police misconduct).

*N.J.R.E.* 404(b) authorizes evidence of other bad acts "of a person" for a limited purpose. The purpose advanced here is motive to retaliate against defendant for filing the civil suit. But the asserted motive is one attributed generally to the City or its police department, not to the "person" whose testimony will be critical to a determination of defendant's guilt or innocence. There is no evidence to suggest that Detective Franklin had any knowledge of defendant or his lawsuit when he allegedly bought CDS from defendant, let alone a motive to retaliate against him. This is not a situation in which the officer directly involved has

engaged in past misconduct. *See, e.g., State v. Gookins,* 135 *N.J.* 42, 637 *A.*2d 1255 (1994); *State v. Parsons,* 341 *N.J.Super.* 448, 775 *A.*2d 576 (App.Div.2001); *State v. Dickerson,* 268 *N.J.Super.* 33, 632 *A.*2d 843 (App.Div.1993). And, in light of Detective Flatley's tangential role in the case, his knowledge prior to the alleged undercover buy of defendant's identity or his possible knowledge of the existence of the civil suit does not change the outcome.

In our view, allowing this evidence would do precisely what the trial judge said it would not do, that is, it would have a tendency to sway the jury to believe that the amorphous City of Elizabeth or its police department had a general disposition to plant evidence and fabricate criminal charges. That is the very purpose for which such evidence may not be utilized.

■ We also disagree that the fourth *Cofield* factor should not be considered when the defendant offers evidence of prior bad acts. Prejudice to the State, as well as confusion of the issues and misleading the jury, must be evaluated in balancing all of the factors. *See State v. Fulston,* 325 *N.J.Super.* 184, 190–93, 738 *A.*2d 380 (App.Div.1999), *certif. denied,* 163 *N.J.* 397, 749 *A.*2d 371 (2000); *see also N.J.R.E.* 403. Even if this evidence had some minimal probative value, that value is substantially outweighed by the risk of undue prejudice to the State, confusion of the issues and misleading the jury. *State v. Fulston, supra,* 325 *N.J.Super.* at 190–93, 738 *A.*2d 380.

Evidence of the 1998 misconduct by others not involved in the present case, under circumstances in which those law enforcement officers directly involved in the present case were not even aware of the prior misconduct, bears no rational nexus to the issue of defendant's guilt or innocence in the present case. Admitting that evidence would do nothing more than invite the jurors to speculate in deciding the material issues before them. The orders of July 13, 2005 and September 7, 2005 are reversed.

Reversed.