**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0464-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ERICK L. McMILLAN,
a/k/a ERIC WALKER,

      Defendant-Appellant.

_____

Submitted October 3, 2018 – Decided October 16, 2018

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 98-06-0865 and 98-06-0867.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Alexandra L. Pecora, Special Deputy Attorney General/Acting Assistant Prosecutor, and James C. Brady, Special

Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Erick L. McMillan appeals from a June 20, 2016 order denying his motion for a new trial. We affirm.

The following facts are taken from the record. In May 2001, defendant was tried before a jury and convicted of one count of: first-degree robbery, N.J.S.A. 2C:15-1(b); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree receiving stolen property, N.J.S.A. 2C:20-7; third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

Defendant was sentenced to an extended aggregate term of fifty years, with twenty-five years of parole ineligibility. We affirmed defendant's convictions and sentence on appeal. State v. McMillan, 373 N.J. Super. 27, 28 (App. Div. 2004); State v. McMillan, No. A-1528-01 (App. Div. Oct. 13, 2004) (slip op. at 5). Defendant's petition for certification was denied. State v. McMillan, 182 N.J. 628 (2005).

The facts underlying defendant's conviction involved a plan to rob an Amoco gas station in Hillside in February 1998, by defendant and co-defendant, Jorge Pagan. The pair drove to the gas station and as the attendant approached, defendant exited the vehicle, pointed a silver gun at him, took him inside the attendant's booth, and searched his pockets for money. Pagan found a safe in the gas station bathroom, but the attendant could not open it. Defendant and Pagan robbed the attendant of approximately fifty dollars he had on his person and fled in a car.

The attendant called police and reported the license plate number of the car. Within a few minutes, police began to chase the car through Newark. After a short pursuit, defendant and Pagan fled on foot, but were apprehended. Police recovered the money from them and also recovered a silver-colored handgun discarded during the chase.

Initially, defendant and Pagan were tried together. The first trial ended in a mistrial, and the second a hung jury. Their third trials were severed. On May 29, 2001, after defendant's trial and conviction, Pagan pled guilty to one count of first-degree robbery, and one count of second-degree eluding. As part of the plea agreement, Pagan stated he was driving the vehicle and during the robbery defendant "had [the gun] in his hand the whole time." Pagan described how

defendant accosted the gas station attendant while Pagan removed cash from the attendant's pockets. Pagan confirmed surveillance video from the gas station depicted him and defendant. Pagan described the pair's attempt to elude the police by car and then on foot.

Pagan's plea was sealed. Defendant's attempts to unseal the plea were denied by the motion judge, affirmed by us on appeal, and denied certification by the Supreme Court. State v. McMillan, A-4719-06 (App. Div. Jan. 5, 2010); State v. McMillan, 201 N.J. 442 (2010).

On June 28, 2012, Pagan signed a sworn certification, which stated defendant was "innocent of the charges for which he has been convicted." Pagan claimed he had been offered a sentence of "[three] years [of] probation in exchange to pleading guilty to a charge of [fourth-] degree eluding." He claimed before the start of his trial, the prosecutor offered him a deal "in exchange for . . . saying the gun" belonged to defendant. Pagan claimed he accepted the plea deal and then decided to "get out of town" because his "attorney said that [defendant's] attorney wanted to call [him] to testify on [defendant's] behalf." Pagan claimed, "[t]here's a lot of things that were said in [defendant's] case that I believe will exonerate [defendant] if I'm allowed to testify [o]n his behalf. The

4

[p]rosecutor and the [j]udge had my case sealed up so that this information couldn't go to [defendant] or his attorney."

Based on Pagan's statement, defendant renewed his motion to unseal the record of Pagan's plea, which was granted. Defendant then filed a motion for a new trial. The motion judge denied the motion without an evidentiary hearing. The judge found no evidence of an alleged secret agreement between Pagan and the prosecutor in exchange for Pagan's inculpatory statement against defendant. Moreover, the judge found Pagan's statement was not material, timely, or likely to have changed the outcome. This appeal followed.

Defendant raises the following arguments on appeal:

POINT I

DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.

In his pro se brief, defendant raises three additional points:

POINT II

THE DENIAL OF DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE MUST BE REVERSED AS THE LAW DIVISION FINDINGS OF FACTS WERE NOT BASED ON ADEQUATE SUBSTANTIAL OR CREDIBLE EVIDENCE (not raised below).

POINT III

THE STATE'S FAILURE TO DISCLOSE EXCULPATORY EVIDENCE VIOLATED DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL UNDER BRADY V. MARYLAND (not raised below).

POINT IV

THE DISPARITY OF SENTENCE BETWEEN MCMILLAN AND HIS CO-DEFENDANT IS GROSSLY UNFAIR AND WARRANTS RESENTENCING (not raised below).

I.

"[A] motion for a new trial is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse has been shown." State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000) (citations omitted). "Appellate review is limited to a determination of whether the trial court could reasonably have reached the findings it made based on 'sufficient credible evidence . . . in the record.'" State v. Van Ness, 450 N.J. Super. 470, 496 (App. Div. 2017) (quoting State v. Brooks, 366 N.J. Super. 447, 454 (App. Div. 2004)). "[T]his court owes deference to the trial judge's 'feel for the case' because he or she had the opportunity to 'observe and hear the witnesses as they testified.'" Ibid. (quoting Brooks, 366 N.J. Super. at 454). "A jury verdict rendered after a fair trial should

6

not be disturbed except for the clearest of reasons." State v. Ways, 180 N.J. 171, 187 (2004).

A motion seeking a new trial based on newly discovered evidence, requires that a

> defendant must show that the evidence is 1) material, and not "merely" cumulative, impeaching, or contradictory; 2) that the evidence was discovered after completion of the trial and was "not discoverable by reasonable diligence beforehand"; and 3) that the evidence "would probably change the jury's verdict if a new trial were granted."
>
> [Ibid. (quoting State v. Carter, 85 N.J. 300, 314 (1981)).]

Evidence is material if it would "have some bearing on the claims being advanced." State v. Henries, 306 N.J. Super. 512, 531 (App. Div. 1997) (quoting Korostynski v. Div. of Gaming Enf't., 266 N.J. Super. 549, 555 (App. Div. 1993)). The judge should evaluate "the probable impact such evidence would have on a jury verdict." Ways, 180 N.J. at 189. The second prong is met by demonstrating "the new evidence must have been discovered after completion of trial and must not have been discoverable earlier through the exercise of reasonable diligence." Id. at 192. "[E]vidence that would have the probable effect of raising a reasonable doubt as to the defendant's guilt would not be

A-0464-16T1

considered merely cumulative, impeaching, or contradictory." Id. at 189 (citing Henries, 306 N.J. Super. at 535).

"[A] mere exculpatory statement of a co-defendant cannot by itself give rise to a new trial if that statement is clearly false or merely designed to give an accomplice a second chance for acquittal." State v. Robinson, 253 N.J. Super. 346, 366-67 (App. Div. 1992). Where the sentenced co-defendant has nothing to lose by exonerating the defendant, the testimony is "inherently suspect." Id. at 367 (internal citations and quotations omitted). "Courts generally regard recantation testimony as suspect and untrustworthy." State v. Carter, 69 N.J. 420, 427 (1976) (citing 58 Am. Jur. 2d New Trial § 175 (1976)). The proponent of the recanted statement has the burden to prove "it is probably true and the trial testimony probably false." Ibid.

Defendant argues Pagan's certification was newly discovered evidence and material because it squarely addressed the charges against defendant, which cast doubt on his guilt. Defendant asserts Pagan's statement would have changed the jury's verdict, but there was no way to obtain it at the time of trial.

We are unpersuaded. Defendant has not demonstrated the unsealed testimony was material and would have affected the verdict. Indeed, Pagan's statements in the plea agreement inculpated defendant because he admitted to

A-0464-16T1

committing the robbery with defendant and then eluding the police. Pagan described defendant's involvement in the robbery and stated defendant "had [the gun] in his hand the whole time."

Pagan's 2012 certification, which claimed the gun used in the robbery belonged to him, also failed to meet the materiality requirement. As the motion judge noted:

> During [the] trial, . . . [t]he State . . . introduced a statement by [d]efendant that inculpated both himself and Pagan. Defendant's statement was not inconsistent with Pagan's recantation of June 18, 2012. In his statement, [d]efendant stated that he and Pagan had been present when the robbery took place. He stated that he was with Pagan when he executed the robbery, but that he was not in possession of the gun. . . . Pagan's certification did not illuminate or reveal any facts that are inconsistent with [d]efendant's own inculpating statement that the jury heard during [d]efendant's trial. It therefore cannot be said that Pagan's June 28, 2012 certification is of the type that would likely change the jury's verdict if a new trial were granted, as the jury in [d]efendant's trial considered the same facts through [d]efendant's own statement.

Furthermore, the content of Pagan's 2012 certification was discoverable at the time of trial because as the motion judge noted, "[d]efendant and Pagan both knew each other and had gone through two trials together. There was ample opportunity for [d]efendant and his attorney to speak with Pagan over the course of the two trials."

A-0464-16T1

Defendant failed to meet all three prongs of <u>Carter</u>. The motion judge did not abuse his discretion.

## II.

In his uncounseled brief, defendant asserts he should have received a new trial because the prosecutor withheld exculpatory evidence. Specifically, he asserts his attorney requested information on Pagan's disposition and plea, but it was not provided.

"It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973) (quoting <u>Reynolds Offset Co., Inc. v. Summer</u>, 58 N.J. Super. 542, 548 (App. Div. 1959)). "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." <u>State v. Galicia</u>, 210 N.J. 364, 383 (2012) (citations omitted).

Defendant did not raise this claim before the motion judge and we decline to consider it for the first time on appeal. However, even if we were to consider the contention, it is without merit.

A-0464-16T1

In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court of the United States held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. "Due process requires that the State disclose information it possesses which is material to the defense, even where it concerns only the credibility of a State's witness." State v. Spano, 69 N.J. 231, 235 (1976) (citations omitted).

"In order to establish a Brady violation, the defendant must show that: (1) the prosecution suppressed evidence; (2) the evidence is favorable to the defense; and (3) the evidence is material." State v. Martini, 160 N.J. 248, 268-69 (1999) (citing Moore v. Illinois, 408 U.S. 786, 794-95 (1972)). "Nondisclosure of evidence favorable to the accused violates the constitutional right of due process only 'where the evidence is material to guilt or punishment.'" State v. Carter, 91 N.J. 86, 112 (1982) (quoting Brady, 373 U.S. at 87). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433-34 (1995) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).

As we have noted, the prosecution did not withhold evidence because Pagan's plea took place after defendant's trial. Moreover, as we previously explained, Pagan's statement at the time of the plea was inculpatory. Pagan's 2012 certification merely stated defendant did not own the gun, which had no means of exculpating defendant because ownership of the gun was not necessary to prove he committed a robbery while employing a gun. The evidence defendant claims was withheld was not material because it would not have changed the verdict. Defendant failed to meet any of the Brady factors.

III.

Defendant argues there was a disparity between his sentence and Pagan's, which "must be corrected." We decline to consider this argument because it was not raised before the motion judge. Nieder, 62 N.J. at 234. Moreover, defendant's challenge of the sentence is procedurally barred because it was previously adjudicated. R. 3:22-5. Indeed, we affirmed defendant's sentence on appeal. State v. McMillan, No. A-1528-01 (App. Div. Oct. 13, 2004) (slip op. at 5). For these reasons, we do not revisit his claims regarding the sentence.

Finally, defendant claims he was deprived of his Sixth Amendment right to confrontation because he was not called for a status conference scheduled by the motion judge to set a briefing schedule regarding the motion for a new trial.

A-0464-16T1

We note the conference was attended by defendant's counsel, and the transcript reflects it was a non-testimonial, administrative event. This argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION