**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1372-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MOHAMED K. ELSAYED,

    Defendant-Appellant.

_____

Submitted January 8, 2019 – Decided  January 31, 2019

Before Judge Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-02-0129.

Sethi and Mazaheri, LLC, attorneys for appellant (Reza Mazaheri, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

While awaiting sentencing, defendant filed a motion to withdraw his guilty plea, after he learned of reports of misconduct involving an important witness for the State. In this appeal, defendant challenges the denial of his motion. Because we conclude the trial judge mistakenly exercised his discretion, we reverse the order denying defendant's motion to withdraw his guilty plea and remand for further proceedings.

I

On February 26, 2015, a grand jury indicted defendant, charging him with 1) fourth-degree possession of a controlled dangerous substance (CDS), (marijuana), N. J. S.A. 2C:35-10(a)(3); 2) third-degree possession of CDS with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(11); 3) third-degree possession of CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7; 4) third-degree possession of CDS (MDMA),[1] N.J.S.A. 2C:35-10(a)(1); and 5) second-degree possession of CDS (MDMA), with intent to distribute, N.J.S.A. 2C:35-5(a)(1).

The charges arose from a traffic stop, where defendant was the driver of the vehicle stopped, and his co-defendant was a passenger. According to

---

[1] MDMA, or methylenedioxymethamphetamine, is a CDS commonly known by the street names Ecstasy or Molly.

defendant, following the stop, "I insisted to the officer that they would find nothing in the car and invited him to search it." In the consent search that followed, police discovered CDS inside a hidden compartment in the vehicle.

On February 26, 2016, defendant pleaded guilty to fourth-degree possession of a CDS (marijuana) and third-degree possession of CDS (MDMA), pursuant to a plea agreement;[2] under the agreement, the State agreed to recommend dismissal of the remaining charges — the three distribution counts. According to defendant, in advance of his plea hearing, his attorney reviewed all discovery with him and discussed potential defenses:

> One piece of evidence that was provided to my attorney at that time was the lab report[3] that was prepared and certified by Kamalkant Shah. At the time, my attorney and I believed the content of the report to be true and accurate and difficult to challenge.
>
> Some time after my guilty plea, it was discovered that Mr. Shah had been removed from his position and disciplined for falsifying lab results in CDS related cases.[4]

[2] The plea agreement was contingent upon both defendant and co-defendant pleading guilty.

[3] The report reviewed was dated September 24, 2014.

[4] Shah was a forensic scientist in the State Police crime lab. According to the trial judge, Shah "had been conducting what is known as 'dry labbing'" where he "failed to test and subsequently falsified lab results. . . ."

On June 28, 2016, the Passaic County Prosecutor's Office provided defendant's counsel with the results of a second laboratory report, this one dated June 16, 2016, regarding testing conducted by a different lab analyst. This second report indicated the items analyzed tested positive for marijuana and Ecstasy, consistent with the first report; however, upon reviewing the second report, defendant's counsel discovered discrepancies between the two laboratory reports regarding the weights of the substances analyzed.

On August 26, 2016, defendant filed a motion to withdraw his guilty plea. Defendant's attorney argued that withdrawal of the plea was warranted "based on newly discovered evidence." In a supporting certification, defendant stated,

> Although I was not guilty as charged, I decided to accept the plea offer because I am not a [U.S.] citizen. Based on information at the time, I understood that although my conviction would have immigration consequences, the risk of deportation would not be as great as being convicted of a crime related to the sale of CDS. For this reason I did not want to take I did not want to risk taking the case to trial;
>
> In reality, I was not responsible over the items found in the car on the date. I had no knowledge that such items were present. I insisted to the officer that they would find nothing in the car and invited them to search. Any items they found were not in the area I was sitting. I told the officers that the discovered items were not mine but must have belonged to the passenger.

4

Defense counsel argued that withdrawal of the plea was warranted under the four-prong analysis established in State v. Slater, 198 N.J. 145, 150 (2009).[5] On October 28, 2016, the court denied defendant's motion, and sentenced defendant to an aggregate three-year prison term, in accordance with defendant's plea agreement. This appeal followed.

On appeal, defendant raises the following argument for our consideration:

> THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WAS CLEARLY ERRONEOUS.

## II

A motion to withdraw a guilty plea is committed to the judge's sound discretion. Id. at 156. That discretion should ordinarily be exercised liberally where the motion is made before sentencing. Ibid. "In a close case, the 'scales should usually tip in favor of defendant.'" Ibid. (quoting State v. Taylor, 80 N.J. 353, 365 (1979)).

---

[5] Under this analysis, the trial judge must consider and balance four factors: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Id. at 157-58. "No single Slater factor is dispositive; 'if one is missing, that does not automatically disqualify or dictate relief.'" State v. McDonald, 211 N.J. 4, 16-17 (2012) (quoting Slater, 198 N.J. at 162).

In an oral decision, the trial judge reviewed the Slater factors. The judge found that defendant failed to assert a colorable claim of innocence because he "was driving the vehicle in which the CDS was found." While the judge acknowledged "the CDS was found inside a hidden floor compartment in the vehicle," he concluded defendant "had constructive possession, if not actual possession of the seized CDS, which negates [his] claim that it solely belonged to his co-defendant." In addition, the judge minimized the significance of Shah's misconduct because of the second test results, which confirmed the items seized tested positive for marijuana and Ecstasy. The judge determined the remaining Slater factors did not favor defendant's motion to withdraw his plea.

"Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacos-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). We find that to be the case here.

In reaching the conclusion that defendant failed to assert a colorable claim of innocence, the trial judge inexplicably failed to consider that defendant openly invited the police to search the car and that upon discovery of the alleged

6

contraband in the car, he immediately insisted that his co-defendant was responsible for the presence of the contraband.  In addition, the judge mistakenly minimized the significance of Shah's misconduct, and failed to acknowledge the potential adverse impact for the State's case created by the discrepancy in the weights of the tested items between the first and second tests.

We are satisfied that evidence of Shah's misconduct is admissible and relevant to defendant's guilt or innocence.  In this regard,

> Our Supreme Court has held that "a lower standard of degree of similarity of offenses may justly be required of a defendant using other-crimes evidence defensively than is exacted from the State when such evidence is used incriminitorily." State v. Garfole, 76 N.J. 445, 452 (1978).  In that respect, the Court emphasized that "an accused is entitled to advance in his defense any evidence which may rationally tend to refute his guilt or buttress his innocence of the charge made."  Id. at 453.  Application of a modified requirement of relevancy to the proffer by a defendant "is additionally justified by the consideration that the [accused] need only engender reasonable doubt of his guilt whereas the State must prove guilt beyond a reasonable doubt."  Ibid.; see also State v. Williams, 214 N.J. Super. 12, 20-21 (App. Div. 1986).
>
> [State v. Dickerson, 268 N.J. Super. 33, 36-37 (App. Div. 1993).]

As we previously noted in State v. Landano, "in an unbroken line of decisions, our courts have held that the pendency of charges or an investigation

relating to a prosecution witness is an appropriate topic for cross-examination." 271 N.J. Super. 1, 40 (App. Div. 1994). In fact, our Supreme Court has held, "Due process requires that the State disclose information it possesses which is material to the defense, even where it concerns only the credibility of a State's witness." State v. Spano, 69 N.J. 231, 235 (1976).

We are satisfied the Law Division judge mistakenly determined that defendant did not assert a colorable claim of innocence. This error in turn caused the judge to mistakenly exercise his discretion when he denied defendant's motion to withdraw his guilty plea. Accordingly, we reverse the order under review and remand for further proceedings.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1372-16T2