860 A.2d 484 (2004)
373 N.J. Super. 27
STATE of New Jersey, Plaintiff-Respondent,
v.
Erick L. McMILLAN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 26, 2004.
Decided June 28, 2004.
Resubmitted September 20, 2004.
Decided October 13, 2004.
Redacted Supplemental Opinion November 18, 2004.
Stephen M. Latimer, argued the cause for appellant (Loughlin & Latimer, attorneys; Mr. Latimer, Hackensack and Sherry Chachkin, Newark, of counsel and on the brief).
Leslie-Ann M. Justus, Deputy Attorney General, argued the cause for respondent (Peter C. Harvey, Attorney General of New Jersey, attorney; Ms. Justus, of counsel and on the brief).
Appellant filed a pro se supplemental brief.
*485 Before Judges KING, BRAITHWAITE and S.L. REISNER.
PER CURIAM.
On June 28, 2004 we filed our original opinion in this matter affirming defendant's convictions for robbery, assault and weapons offenses. The trial judge imposed an extended term of fifty years with twenty-five years of parole ineligibility. See N.J.S.A. 2C:43-7; N.J.S.A. 2C:44-3. On July 6 the defendant moved for reconsideration which we granted because defendant's pro se supplemental brief had never been brought to our attention. We then filed a supplemental opinion reaffirming the conviction and the extended term sentence.
In that opinion we summarily rejected defendant's nine claims of error and affirmed under R. 2:11-3(e)(2). We now file this redacted version of our first supplemental opinion, for publication purposes.
In an addendum to his supplemental filing, defendant had made this claim:

LEGAL ARGUMENT

POINT I
APPELLANT'S SENTENCING PROCEDURE IMPOSING THE EXTENDED TERM, DEPRIVED HIM OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO HAVE A JURY DETERMINE BEYOND A REASONABLE DOUBT ALL FACTS LEGALLY ESSENTIAL TO HIS SENTENCE AND TO THE CONTRARY WAS A DENIAL OF APPELLANT'S DUE PROCESS/EQUAL PROTECTION CLAUSE PURSUANT TO THE U.S. CONST. 14TH, AND 6TH AMEND. AND N.J. CONST. ART. 1. PARA. 1, 9, & 10.

We also reject this additional supplemental claim. As to this issue, freshly raised in the wake of Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), we find no merit. Defendant claims that his extended term was illegal and a violation of his constitutional rights. The extended term enhancement was based on defendant's criminal history as a persistent offender. Id. at 2536. See State v. Dixon, 346 N.J.Super. 126, 139-41, 787 A.2d 211, 220-21 (App.Div.2001), certif. denied, 172 N.J. 181, 796 A.2d 898 (2002).
This case falls squarely within the recidivism exception to Blakely and does not require any further jury finding for enhancement purposes. Defendant conceded that he was a persistent offender. There is no constitutional infirmity. See also Apprendi v. New Jersey, 530 U.S. 466, 488, 120 S.Ct. 2348, 2361-62, 147 L.Ed.2d 435, 454 (2000). We reaffirm our ruling in State v. Dixon, supra.
Affirm.