876 A.2d 812 (2005)
378 N.J. Super. 549
STATE of New Jersey, Plaintiff-Respondent,
v.
Noel PAGAN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted June 6, 2005.
Decided June 30, 2005.
*813 Yvonne Smith Segars, Public Defender, attorney for appellant (Arthur J. Owens, Designated Counsel, on the brief).
Peter C. Harvey, Attorney General, attorney for respondent (Sherry L. Wilson, Deputy Attorney General, of counsel and on the brief).
Before Judges PETRELLA, LINTNER and PARKER.
The opinion of the court was delivered by
*814 PETRELLA, P.J.A.D.
After a suppression motion by a codefendant was denied,[1] defendant Noel Pagan was found guilty by a jury of third degree distribution of a controlled dangerous substance (CDS) (heroin) on or near school property (N.J.S.A. 2C:35-7) (Count I); third degree distribution of CDS (N.J.S.A. 2C:35-5a(1)) (Count II); and third degree possession of CDS (N.J.S.A. 2C:35-10a(1)) (Count III).[2]
The trial judge merged the convictions on Counts II and III into Count I and sentenced Pagan to a mandatory extended term of seven years imprisonment, with three years of parole ineligibility. Pagan was also assessed appropriate fines and penalties and ordered to forfeit the money found on his person at the time of his arrest, provide a DNA sample and pay the cost of testing the sample. Also, his driving privileges were suspended for twelve months.
On appeal, Pagan argues:
I. Defendant has standing to contest the validity of the search and seizure of evidence from codefendant Luis Vasquez.
II. The motion judge's denial of defendant's motion to suppress evidence obtained as a result of an illegal search and seizure of evidence on codefendant Vasquez's person was in error and should be reversed.
III. Defendant should be granted a new trial as defendant was denied the effective assistance of trial counsel.
IV. Defendant's sentence was unconstitutional as it was based upon facts not found by a jury or admitted to by defendant.
V. The trial judge erred in sentencing defendant as the punishment was created for the criminal, rather than the crime.
The facts of this case may be briefly stated. Sergeant Conway, an experienced narcotics officer with the Perth Amboy Police Department was patrolling a known high narcotics area of Perth Amboy on January 7, 2003, at approximately 1:00 p.m. in an unmarked police vehicle. While near the corner of State Street and Dekalb Avenue, he observed Pagan, who he recognized after patrolling that neighborhood for almost twelve years.
Conway observed Pagan conversing with codefendant Vasquez and then saw Vasquez hand Pagan what appeared to be paper currency in exchange for a small unknown object which Pagan took from his pocket and handed to Vasquez. Conway saw Vasquez inspect the object and place it in his right hand jacket pocket before walking away from Pagan.
The officer followed Vasquez to a dead end area of Division Street and approached him on foot. When Conway tapped Vasquez on the shoulder he turned around and removed his right hand from his jacket pocket, which allowed Conway to see two balloons in the pocket, each tied off in a knot, one green and one white. Based on his training and experience, Conway knew that heroin was often stored and sold in such a manner because it made it easier to swallow and destroy the drugs before the police could get them. Conway removed the objects from Vasquez's pocket and placed him under arrest. About ten minutes later, Conway arrested Pagan for distribution of heroin and recovered *815 $142 in U.S. currency from Pagan's person.
At trial, the prosecutor and Pagan stipulated that the contents from one of the balloons had been tested by the New Jersey State Police Laboratory and was found to be heroin. Vasquez testified on Pagan's behalf that he did not purchase the heroin from Pagan. However, he did admit that the heroin recovered by Conway was found in his right front jacket pocket. The jury found Pagan guilty of all charges.
At sentencing, the judge found that the following aggravating factors applied: the extent of Pagan's prior criminal record and the seriousness of the offenses of which he had been convicted; and the need for deterring Pagan and others from violating the law. The mitigating factors found were: Pagan's conduct was the result of circumstances unlikely to recur; and Pagan's imprisonment would entail excessive hardship to himself. The judge found the aggravating and mitigating factors in balance.

I.
Pagan contends that the evidence seized from codefendant Vasquez was illegally obtained by the officer and the trial judge erred in refusing to suppress the evidence. He further contends that he has standing to contest the validity of the search and seizure of evidence from codefendant Vasquez.
Although Pagan was present at the suppression hearing with his attorney, no appearance was entered and his attorney did not participate in either the arguments or the examination of witnesses. Aside from a passing mention by the prosecutor that Pagan lacked standing to challenge the evidence, Pagan never attempted to argue that he had standing nor did he challenge the evidence. Also, the judge never made a finding regarding Pagan's standing one way or the other. Nonetheless, for the purposes of this argument, we assume that Pagan has standing to challenge the validity of the search and seizure.
Under the United States and New Jersey Constitutions citizens are protected against unreasonable searches and seizures. U.S. Const. amends. IV and XIV; N.J. Const. art. 1 ¶ 7. These protections deem a warrantless search per se unreasonable, unless it falls within one of various exceptions to the warrant requirement. State v. Demeter, 124 N.J. 374, 379-380, 590 A.2d 1179 (1991).
A search incident to a lawful arrest is an exception to the warrant requirement. Chimel v. California, 395 U.S. 752, 762-763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694 (1969). Under this exception, "it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." Id. at 763, 89 S.Ct. at 2040, 23 L.Ed.2d at 694.
The facts of this case are nearly identical to those presented to the Supreme Court in State v. Moore, 181 N.J. 40, 853 A.2d 903 (2004), where four undercover detectives patrolling a known high crime area in an unmarked car observed a group of approximately six people congregating in a parking lot. After the detectives stopped their vehicle a short distance away to conduct surveillance with binoculars, they observed the defendant and his companion hand currency to another man in exchange for two small items, which they placed in their pockets. Believing they had just observed a drug transaction, the detectives approached the group and stopped the defendant and his companion. When the detectives informed defendant that they had observed him participating in a drug transaction, defendant removed his hand from his pocket, revealing two *816 clear bags of a white powdery substance. Id. at 43-44, 853 A.2d 903.
The warrantless search of the defendant in Moore was held valid under the search incident to a lawful arrest exception to the warrant requirement. Id. at 45, 853 A.2d 903. Under the totality of the circumstances test set forth in Illinois v. Gates, 462 U.S. 213, 238, 462 U.S. 213, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983), the observations of the detectives and their experience as narcotics officers "supported a well-grounded suspicion that [they] had witnessed a drug transaction." Moore, supra (181 N.J. at 46-47, 853 A.2d 903) (citing Gates, supra (462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 544), State v. Johnson, 171 N.J. 192, 217, 793 A.2d 619 (2002), Schneider v. Simonini, 163 N.J. 336, 362, 749 A.2d 336 (2000)).
Here, the officer acted in the same manner as the detectives in Moore. After observing what he thought to be a drug transaction, the officer approached the purchaser (codefendant Vasquez) and informed him of what he had witnessed. In the officer's presence, Vasquez removed his hand from his pocket and the officer observed the two balloons in his right pocket. The minor factual dispute in this case concerning whether the officer could have actually seen the balloons inside of the defendant's pocket is of little consequence because the officer already had a well-grounded suspicion sufficient to justify an arrest based on the totality of the circumstances. The record amply supports the judge's decision denying suppression and the trial judge's determination should not be overturned.

II.
Pagan contends that he received objectively deficient assistance of counsel during his trial that materially contributed to his conviction. Specifically, he alleges that his trial attorney rendered ineffective assistance during her questioning of Vasquez because she opened the door to testimony from the police officer about statements Vasquez made to him following his arrest that implicated Pagan. He argues that because of this ineffective assistance of counsel he should be granted a new trial.
In evaluating an ineffective assistance of counsel claim, we apply the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh'g denied 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 519 A.2d 336 (1987). To prove such a claim, the burden is on the defendant to satisfy the following test:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction... resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland, supra (466 U.S. at 687, 104 S.Ct. 2052). See also, State v. Marshall, 148 N.J. 89, 156, 690 A.2d 1 (1997); State v. Fritz, supra, 105 N.J. 42, 52, 519 A.2d 336 (1987).
Under the first prong of the Strickland test, a defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable *817 professional assistance." Strickland, supra (466 U.S. at 689, 104 S.Ct. 2052). It is established that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690, 104 S.Ct. 2052. A defendant is required to cite specific facts supporting a claim of ineffective assistance of counsel and must make more than "bald assertions" of ineffective assistance. State v. Cummings, 321 N.J.Super. 154, 170, 728 A.2d 307 (App.Div.1999). Finally, under the second prong, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. A mere showing that the alleged errors of counsel "had some conceivable effect on the outcome of the proceeding" fails to satisfy the defendant's burden. Id. at 693, 104 S.Ct. 2052.
Here, Pagan has failed to satisfy the first prong of the Strickland test. The only evidence that he relies on in support of his ineffective assistance argument is actually improperly cited from the record. Pagan contends that his attorney improperly questioned Vasquez at trial so as to open the door to additional testimony from the officer regarding a statement Vasquez had made to him implicating Pagan. However, Pagan has distorted the timing of the testimony in the record to fit this argument. The questioning of Vasquez cited by Pagan actually occurred during the suppression hearing, and not at the trial as suggested in Pagan's brief. Considering this fact, his contention of ineffective assistance lacks any merit.
Furthermore, Pagan does not, as he contends in a footnote, have the right to re-raise this issue in a petition for post-conviction relief (PCR). There is sufficient evidence in the record to review his claims and they have been decided on the merits. See State v. Preciose, 129 N.J. 451, 462, 609 A.2d 1280 (1992). Accordingly, Pagan is barred from re-litigating these claims in a PCR petition. State v. McQuaid, 147 N.J. 464, 483, 688 A.2d 584 (1997).

III.
Pagan contends that his sentence violates Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the judge improperly imposed an extended term without a required finding by the jury that an extended term was necessary for the protection of the public.
We have held that the imposition of an extended term as a repeat drug offender pursuant to N.J.S.A. 2C:43-6f falls within the Blakely exception for a prior record as an aggravating factor. State v. Vasquez, 374 N.J.Super. 252, 269, 864 A.2d 409 (App.Div.2005) (citing State v. McMillan, 373 N.J.Super. 27, 28, 860 A.2d 484 (App.Div.2004), certif. denied, 182 N.J. 628, 868 A.2d 1031 (2005)). Here, Pagan was sentenced to the presumptive term with a mandatory period of parole ineligibility pursuant to N.J.S.A. 2C:43-6f based on his criminal background as a repeat drug offender. Accordingly, his sentence and mandatory period of parole ineligibility do not violate Blakely.

IV.
Pagan contends that the judge abused her discretion in weighing the aggravating and mitigating factors. He argues that a proper application of the aggravating and mitigating factors would have resulted in a lighter sentence.
On appeal, a trial judge's sentencing determinations are entitled to substantial deference. We will not substitute our judgment for that of the trial judge and *818 will uphold a sentence unless "it represents an abuse of the lower court's discretion." State v. Gardner, 113 N.J. 510, 516, 551 A.2d 981 (1989) (citing State v. Roth, 95 N.J. 334, 362-365, 471 A.2d 370 (1984)).
Pagan does not claim that the judge's sentencing determinations violated legislative policies, but rather argues that the judge erroneously applied the aggravating and mitigating factors. Upon such a challenge, we "determine whether the findings of fact regarding aggravating and mitigating factors were based on competent and credible evidence in the record." State v. Torres, 313 N.J.Super. 129, 164, 713 A.2d 1 (App.Div.), certif. denied, 156 N.J. 425, 719 A.2d 1023 (1998) (citing Roth, supra (95 N.J. at 363-364, 471 A.2d 370)).
Here, the judge sentenced Pagan to a mandatory extended term as a repeat drug offender under N.J.S.A. 2C:43-6f based on his prior convictions on four drug related offenses. Under N.J.S.A. 2C:43-7a(4) the presumptive term for a third degree offense is seven years imprisonment, unless the preponderance of aggravating and mitigating factors "weighs in favor of a higher or lower term." The judge found two aggravating factors and two mitigating factors, and held that they were in balance. Accordingly, the judge sentenced Pagan to the seven-year presumptive term and imposed a mandatory period of parole eligibility as required by N.J.S.A. 2C:43-6f. There is substantial credible evidence in the record to support the judge's findings and, therefore, we have no warrant to disturb her sentencing determinations.
Affirmed.
NOTES
[1] Although Pagan and his attorney were present at this hearing, no appearance was entered on his behalf.
[2] Codefendant Luis Vasquez was charged in Count IV of Middlesex County Indictment No. 03-02-0221 with third degree possession of CDS (N.J.S.A. 2C:35-10a(1)).