**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4021-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KENNETH E. WILSON,

     Defendant-Appellant.

_____

Submitted April 8, 2019 – Decided May 14, 2019

Before Judges Messano and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 92-10-3652.

Kenneth E. Wilson, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kenneth Wilson appeals from the February 28, 2018 Law Division order, denying his subsequent petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On October 22, 1992, defendant and three co-defendants, Eugene Jenkins, Samuel Dugger, Jr., and Clara Sloan, were indicted by an Essex County Grand Jury and charged with second-degree conspiracy to commit robbery and murder, N.J.S.A. 2C:5-2, N.J.S.A. 2C:15-1, and N.J.S.A. 2C:11-3(a)(1), (2); first-degree robbery, N.J.S.A. 2C:15-1; felony murder, N.J.S.A. 2C:11-3(a)(3); knowing or purposeful murder, N.J.S.A. 2C:11-3(a)(1), (2); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). The charges stemmed from the killing of Matthew McDaniels, who was homosexual, after defendants had agreed to kill a homosexual during a cocaine binge on or about July 3, 1992. Several days later when police responded to a neighbor's complaint of foul odors emanating from McDaniels' home, his decomposing body was found, bound and gagged, and the cause of death was ligature strangulation.

Pursuant to a plea agreement, co-defendant Dugger pled guilty to the conspiracy charge and agreed to testify against the others in exchange for a reduced sentence. After the trial court dismissed the conspiracy, robbery, and

felony murder charges, defendant and the other co-defendants were tried by a jury and convicted of the remaining charges, based largely on Dugger's incriminating testimony that as he and co-defendant Sloan sat at the kitchen table of McDaniels' apartment, he heard the victim scream for help while alone in a bedroom with defendant and co-defendant Jenkins.

On September 30, 1993, defendant was sentenced to an aggregate term of life imprisonment, with a thirty-year period of parole ineligibility, consecutive to a term he was then serving. On direct appeal, defendant's convictions and sentence were affirmed in an unpublished opinion, State v. Wilson, No. A-3884-93 (App. Div. May 25, 1995),[1] and the Supreme Court denied certification. State v. Wilson, 142 N.J. 514 (1995). Defendant's direct appeal unsuccessfully challenged the trial court's failure to charge the jury on accomplice liability, as well as the jury instructions on intoxication and evaluation of Dugger's testimony and role in the commission of the offenses.

In 1997, defendant filed his first petition for PCR, which was denied without an evidentiary hearing on October 18, 2000. He appealed, alleging that

---

[1] The matter was remanded to correct the violent crimes penalties in the judgment of conviction only. Wilson, slip op. at 9.

he was denied the effective assistance of trial, appellate, and PCR counsel.[2] We affirmed the denial in an unpublished opinion, State v. Wilson, No. A-2164-00 (App. Div. May 30, 2002), and the Supreme Court denied certification. State v. Wilson, 174 N.J. 547 (2002). In the first PCR petition, defendant had argued unsuccessfully that trial counsel was ineffective for failing to: 1) properly cross-examine Dugger; 2) thoroughly investigate and present expert testimony concerning the extent to which Dugger's testimony may have been affected by his ingestion of Thorazine, cocaine, and alcohol;[3] 3) consult an entomologist to determine the exact time of the victim's death, thus precluding an alibi defense;[4] and 4) investigate potential defense witnesses.

---

[2] To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Specifically, the defendant must show that his attorney's performance was deficient and that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

[3] At trial, Dugger was rigorously cross-examined about his drug use on the date of the murder, his mental health thereafter, and the nature of his plea bargain, prompting the first PCR court to conclude that presenting expert testimony "would [not] have altered the outcome."

[4] In his first PCR petition, PCR counsel admitted that "the lack of a specific date [of death] was . . . part of the defense" and trial counsel decided not to "use an alibi defense[.]" The first PCR court thus concluded that trial counsel's failure to "seek out . . . alibi witnesses was consistent with his trial strategy[.]"

Defendant had also asserted to no avail that PCR counsel "failed to investigate these contentions and obtain [corroborating] statements and reports[,]" and appellate counsel failed to "present several viable contentions which would have resulted in a reversal of his convictions." Wilson, slip op. at 2-3. Specifically, according to defendant, "appellate counsel was ineffective because he did not argue that . . . the prosecutor erred by referring to Dugger as a co-conspirator[.]" Id. at 8.

In 2003, defendant filed a pro se motion for a new trial based on alleged newly discovered evidence. Relying on a private investigator's report, defendant asserted he was entitled to a new trial because the State failed to accurately disclose its plea agreement with Dugger, and because Dugger was taking anti-psychotic medication at the time of trial that could have affected his ability to correctly recall the events. On March 3, 2008, the motion court denied the motion. We affirmed the denial in an unpublished opinion, State v. Wilson, No. A-3347-07 (App. Div. Aug. 19, 2010), and the Supreme Court denied certification. State v. Wilson, 205 N.J. 80 (2011). In our opinion, while we described the application as defendant's "second request for post-conviction relief," we acknowledged that the application was "governed by the three[-

5

]pronged test set forth in <u>State v. Carter</u>, 85 N.J. 300, 314 (1981)." <u>Wilson</u>, slip op at 1.

In 2011, defendant sought a writ of habeas corpus in the United States District Court pursuant to U.S.C. § 2254. <u>Wilson v. Sweeney</u>, No. 11-1201, 2014 U.S. Dist. LEXIS 23036, at *36 (D.N.J. Feb. 24, 2014). On February 24, 2014, the petition was dismissed as "time-barred[,]" <u>ibid.</u>, and on October 1, 2014, the Third Circuit denied all appeals. <u>Wilson v. Superintendent E. Jersey State Prison</u>, No. 14-1706 (3d Cir. Oct. 1, 2014).

On January 31, 2017, defendant filed the petition for PCR that is the subject of this appeal, alleging again that he was denied the effective assistance of trial, appellate, and PCR counsel. Specifically, defendant asserted trial counsel was ineffective for failing to investigate and obtain impeachment evidence regarding Dugger's psychiatric history; permitting Dugger to implicate him in the conspiracy when the conspiracy charge had been dismissed; and allowing the indictment to be amended immediately before trial to reflect "on or about July 3, 1992[,]" as the date of the murder, without requesting a continuance to further investigate potential alibi witnesses. Defendant asserted that appellate counsel was ineffective for failing to raise these issues on direct appeal, and for filing virtually the same brief as co-defendant Jenkins. Further,

6

defendant asserted PCR counsel was ineffective for failing to advance defendant's meritorious claims, misrepresenting the facts at oral argument, and failing to provide defendant with a copy of the PCR brief or request his presence at the PCR hearing. Defendant also argued that his application was not procedurally or substantively barred.[5]

Following oral argument, on February 28, 2018, the PCR court denied the petition as "procedurally defective and substantively meritless." In a written decision, the court determined that the petition was time-barred under Rule 3:22-12(a)(2) and rejected defendant's contention that the exceptions contained in Rule 3:22-12(a)(2)(B) and 3:22-12(a)(2)(C) applied. The court explained that the Rule 3:22-12(a)(2)(C) exception was inapplicable because the petition "was filed on January 31, 2017, more than [sixteen] years" after his first PCR petition was denied on October 18, 2000.[6] Likewise, the Rule 3:22-12(a)(2)(B) exception was inapplicable because the private investigator's report on Dugger's psychiatric history, which purportedly established the factual predicate upon

---

[5] Because defendant failed to provide the petition in the record, we rely on the PCR court's recitation of its contents.

[6] Even if defendant's motion for a new trial constituted his most recent PCR petition, the present petition was still time-barred given the nine-year gap between the applications.

which defendant relied, was "completed" on "September 12, 2001, more than [fifteen] years ago."

The court also determined that some of defendant's claims were barred by Rule 3:22-5, having been previously adjudicated on the merits in prior proceedings. See R. 3:22-5 (providing "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings"); see also State v. Pagan, 378 N.J. Super. 549, 557 (App. Div. 2005) (refusing to relax the procedural bar when the record of prior proceedings showed sufficient evidence that the defendant's claims had already been adjudicated on the merits); State v. Cupe, 289 N.J. Super. 1, 8 (App. Div. 1996) (explaining that reviewing courts "deplore the practice of couching essentially the same argument in different constitutional verbiage in order to evade the prohibition against relitigating issues already decided").

Further, according to the court, other claims were barred by Rule 3:22-4(a) because defendant failed to raise the issues in prior proceedings, failed to demonstrate that the issues could not reasonably have been raised, and failed to demonstrate how "enforcement of this procedural bar would . . . result in a fundamental injustice as 'the judicial system ha[d] provided . . . defendant with

8

fair proceedings leading to a just outcome.'" See State v. Mitchell, 126 N.J. 565, 587 (1992). Additionally, the court explained that defendant "failed to demonstrate that 'the prosecution or the judiciary abused the process under which . . . defendant was convicted or . . . [that] inadvertent errors mistakenly impacted a determination of guilt or otherwise 'wrought a miscarriage of justice for . . . defendant.'" See ibid. Moreover, the court noted that "none of [defendant's] claims ar[o]se under a newly recognized constitutional right," and was therefore not subject to Rule 3:22-4(a)(3)'s exemption.

Turning to the merits, the court found that defendant failed to attach any "affidavits, certifications, or any other verifiable evidence" to support his claims and "merely posit[ed] self-serving statements." Regarding defendant's challenge to Dugger implicating him in the dismissed conspiracy charge, the court noted defendant failed to identify "any [supporting] case law or precedent." Likewise, as to Dugger's psychiatric history, the court explained that trial counsel was in possession of Dugger's medical history at the time of trial. Further, the court found that defendant's "defense was not prejudiced by the amendment to the indictment because his 'ability to present proofs in support of [an] alibi was [not] drastically compromised.'" Finally, acknowledging that defendant's and co-defendant Jenkins' "appellate briefs . . . were similar[,]" the

A-4021-17T4

court nevertheless rejected defendant's contention that his appeal "would need to be materially different" from co-defendant Jenkins', and distinguished State v. Guzman, 313 N.J. Super. 363, 373 (App. Div. 1998), on the ground that defendant failed to present any evidence that his appellate counsel did not adequately review the record and advance the most promising issues for review. The court entered a memorializing order and this appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT ONE

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AT TRIAL STAGE, ON DIRECT APPEAL, IN HIS FIRST PCR PROCEEDINGS AND SUBSEQUENT PCR APPEAL, AS FOLLOWS:

1. TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE, IN THAT:

A) FAILURE TO OBJECT TO CONSPIRATORIAL TESTIMONY OF STATE'S WITNESS IMPLICATING DEFENDANT IN THE CRIME, WHEN THE CHARGE OF CONSPIRACY HAD BEEN DISMISSED AGAINST ALL DEFENDANTS[.]

B) FAILURE TO OBJECT TO PROSECUTORIAL MISCONDUCT FOR PURPOSEFULLY SOLICITING FALSE AND PREJUDICIAL TESTIMONY ON

10

THE SUBJECT OF CONSPIRACY[. NOT RAISED BELOW.]

C) FAILED TO ADEQUATELY PREPARE FOR TRIAL, SPECIFICALLY FAILURE TO CONDUCT PRELIMINARY INVESTIGATION, INCLUDING INVESTIGATING OF MITIGATING FORENSIC EVIDENCE AND DISCOVERIES PROVIDED BY THE STATE WHICH WOULD HAVE AIDED IN THE DEFENSE[.]

2. APPELLATE COUNSEL WAS INEFFECTIVE, BECAUSE:

A) FAILURE TO FILE AN INDIVIDUAL APPELLATE BRIEF [O]N BEHALF OF DEFENDANT, INSTEAD FILING A COPY OF CODEFENDANT'S, EQUIVALENT TO CONSTRUCTIVE DENIAL OF APPELLATE COUNSEL[.]

B) FAILURE TO RAISE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL[. NOT RAISED BELOW.]

C) FAILURE TO RAISE ON APPEAL ALL OF THE ABOVE TRIAL ISSUES[.]

3. INEFFECTIVE ASSISTANCE OF PCR COUNSEL, BASED ON:

A) KNOWINGLY PROVIDING [DEFENDANT] WITH A COPY OF A PCR BRIEF ALLEGEDLY FILED WITH THE COURT, WHEN IT WAS NEVER FILED, THUS CONSIDERABLY

11

PREJUDICING [DEFENDANT'S] PCR APPEAL[.]

4. PCR APPELLATE COUNSEL WAS INEFFECTIVE BY:

A) FAILING TO ADEQUATELY PRESENT COUNSEL'S ERRORS [ABOVE.]

B) FAILURE TO SUBMIT REQUIRED AND AVAILABLE EVIDENCE IN SUPPORT OF [DEFENDANT'S] CLAIMS ON PCR APPEAL. (NOT RAISED BELOW)[.]

POINT TWO

THE COURT BELOW COMMITTED REVERS[I]BLE ERROR BY DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT CONDUCTING AN EVIDENTIARY HEARING ON DEFENDANT'S CLAIMS BECAUSE THE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE [STRICKLAND/FRITZ/CRONIC] TEST[.[7]]

POINT THREE

. . . DEFENDANT WAS ENTITLED TO [PCR] UNDER THE PROVISIONS OF [RULE] 3:22-2, AND TO THE LIFTING OF THE PROCEDURAL BARS IMPOSED BY RULES 3:22–4, 3:22–5, AND 3:22–12[.]

---

[7] Strickland, 466 U.S. at 668; United States v. Cronic, 466 U.S. 648 (1984); Fritz, 105 N.J. at 42.

1. DEFENDANT'S CLAIMS ARE NOT PROCEDURALLY BARRED[.]
   A) THE PROCEDURAL BAR OF RULE 3:22–4[.]

   B) THE PROCEDURAL BAR OF RULE 3:22-12[.]

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

"[S]econd or subsequent petition[s] for post-conviction relief shall be dismissed unless: (1) [they are] timely under Rule 3:22-12(a)(2)[.]" State v. Jackson, 454 N.J. Super. 284, 291 (App. Div.) (fourth alteration in original) (quoting R. 3:22-4(b)), certif. denied, 236 N.J. 35 (2018). Rule 3:22-12(a)(2) provides:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts

13

and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

Defendant's present PCR petition is untimely under Rule 3:22-12(a)(2)(A) because he claims no newly recognized constitutional right. The petition is also untimely under Rule 3:22-12(a)(2)(C) because it was not filed within one year of the order denying the preceding petition. Defendant's petition is also untimely under Rule 3:22-12(a)(2)(B) because it was not filed within one year of his receipt of the private investigator's report containing the purported factual predicate. The strict time bar imposed under Rule 3:22-12(a)(2) may not be ignored or relaxed. Jackson, 454 N.J. Super. at 292-94; see also R. 1:3-4(c) (providing that "[n]either the parties nor the court may . . . enlarge the time specified by . . . [Rule] 3:22-12").

Defendant's claims of fundamental injustice provide no refuge from the denial of his petition because, unlike Rule 3:22-12(a)(1)(A), which applies to

14

the filing of a first PCR petition, <u>Rule</u> 3:22-12(a)(2) does not allow relief from the mandatory time bar based on fundamental injustice. <u>See</u> <u>Jackson</u>, 454 N.J. Super. at 293-94 (explaining that <u>Rule</u> 3:22-12(a)(1)(A), which allows for the late filing of a first PCR petition where excusable neglect and a fundamental injustice are shown, "has no application to second or subsequent petitions"). Thus, because "enlargement of <u>Rule</u> 3:22-12's time limits 'is absolutely prohibited[,]'" <u>id.</u> at 292 (citations omitted), defendant's present PCR petition was properly dismissed as mandated by <u>Rule</u> 3:22-4(b)(1), and we need not reach the merits of defendant's remaining arguments. <u>See</u> <u>id.</u> at 297.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4021-17T4