**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2804-18T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANGEL J. HERNANDEZ,
a/k/a ACE,

      Defendant-Appellant.

_____

Submitted May 28, 2020 – Decided June 18, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 06-01-0121.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen Ann Lodeserto, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Alycia I. Pollice-Beyrouty, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

We previously remanded defendant Angel Hernandez's post-conviction relief (PCR) petition for an evidentiary hearing to allow him the opportunity to develop a record regarding his claim that trial counsel's pursuit of two seemingly inconsistent defenses, duress and alibi, constituted ineffective assistance of counsel. State v. Hernandez, No. A-1364-14 (App. Div. Sep. 13, 2016). After the hearing, Judge Robert C. Billmeier denied relief. For the reasons he stated in a thorough, thoughtful, and cogent decision, we affirm.

Defendant was sentenced to life subject to the No Early Release Act's eighty-five percent parole ineligibility, N.J.S.A. 2C:43-7.2, for first-degree murder, N.J.S.A. 2C:11-3(a)(2); a consecutive term of twenty years for first-degree conspiracy to commit murder on a second victim, N.J.S.A. 2C:5-2 and 2C:11-3(a)(2); and a five-year term of imprisonment on third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), to be served consecutively to the conspiracy to commit murder.[1] His convictions and sentence were affirmed. State v. Hernandez, No. A-5816-07 (App. Div. Aug. 17, 2011). Although the Supreme Court initially granted the petition for certification, it was subsequently withdrawn. State v. Hernandez, 213 N.J. 527 (2013).

---

[1] A conviction for second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a), was merged with the murder count.

The offense that resulted in these convictions are more fully described in the opinions we have cited above. The disputes were gang-related. Judge Billmeier summarized the relevant trial proofs:

> [T]he State's case against [defendant] was devastating. The State introduced [defendant's] confession into evidence, wherein he admitted killing [the murder victim]. [Defendant's] confession also provided details that were readily corroborated by the State's other witnesses. The State also elicited testimony from several of petitioner's confederates . . . while [a cellmate] similarly inculpated [defendant]. Importantly, the foregoing witnesses each corroborated key details of [defendant's] confession.

During the evidentiary hearing, defendant testified. Defendant was extremely critical of counsel's representation, "lambasting his use of both a duress and an alibi defense[,]" condemning his attorney's ethics, while acknowledging many discussions with him about both defenses. He also acknowledged that his attorney consistently discussed trial strategy with him. Defendant knew that because of his trial counsel's physical status, it was impossible for him to testify at the hearing. The judge found defendant's testimony, elicited nearly a decade after the trial without memory aids such as notes, to be incredible.

Judge Billmeier noted that the trial judge, after discussions with counsel on the record in open court, instructed the jury as to both defenses. He quoted

3

the relevant portions of trial counsel's summation, including his statement to the jury: "Now, I have to argue in the alternative. Why do I have to argue in the alternative? Because suppose that you do not agree that the alibi was proper."

After his consideration of the trial record, and the testimony and proofs adduced at the evidentiary hearing, Judge Billmeier found that defendant had failed to meet the Strickland v. Washington standard. 466 U.S. 668, 687 (1984). Given the state of the proofs against defendant, including his confession, "it is unlikely presenting a unitary defense would have altered defendant's conviction." He further considered it unlikely that either defense "would have led to a different result."

With regard to the defense of duress, after he was allegedly instructed to commit the murder, defendant could have contacted police and did not. Additionally, the person who allegedly issued the instruction was not near defendant at the time of the murder. The alibi defense "was not particularly cogent[,]" although it included the testimony of two witnesses called by trial counsel to testify about the issue.

The judge held "the demoralizing evidence accumulated against [defendant] and the underwhelming nature of both defenses," meant that defendant could not satisfy the second prong of Strickland. Even assuming

counsel erred in pursuing seemingly contradictory defenses, in the final analysis, the decision did not prejudice the outcome.

Now on appeal, defendant raises one point of error:

> POINT ONE
> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE TRIAL COUNSEL WAS INEFFECTIVE IN ADVANCING TWO CONFLICTING THEORIES TO THE JURY, RESULTING IN GUILTY VERDICTS.

In order to meet the Strickland standard, a defendant must prove that his Sixth Amendment right to the effective assistance of counsel was not satisfied. In other words, that: (1) counsel's performance "fell below an objective standard of reasonableness," such that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Hess, 207 N.J. 123, 146 (2011) (citing Strickland, 466 U.S. at 687-88, 694).

In the face of overwhelming proofs in this case, the highly deferential standard we employ to review challenges of ineffective assistance of counsel is warranted. State v. Harris, 148 N.J. 89, 157 (1997). In our view, the attorney grasped at straws because there was no other alternative. Thus, he advanced the

A-2804-18T1

limited arguments available to try and avoid defendant's conviction. Reasonable yet unsuccessful strategic decisions come within the scope of adequate representation not subject to post-conviction attack. <u>State v. Pagan</u>, 378 N.J. Super. 549, 557 (App. Div. 2005).

Furthermore, there is no probability that this strategic decision, even if we were to consider it, had such a negative impact on the trial process that there is a reasonable probability it affected the outcome. <u>State v. Pierre</u>, 223 N.J. 560, 583 (2015). No basis for PCR existed on the grounds of ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2804-18T1